### GENERAL ELECTRIC CO. v. DUNCAN ELECTRIC MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. October 4, 1910.)

#### No. 1,666.

PATENTS (§ 328*)—INVENTION—BINDING-POST FOR ELECTRIC METERS.

The King patent, No. 789,433, for a binding-post or circuit terminal, particularly adapted for use in electric meters, is void for lack of patentable invention in view of the prior art, supplemented by the disclaimer filed by the patentee.

Appeal from the Circuit Court of the United States for the District of Indiana.

Suit in equity by the General Electric Company against the Duncan Electric Manufacturing Company. Decree for defendant, and complainant appeals. Affirmed.

The appellant, General Electric Company, as owner of letters patent No. 789,433, sues the appellee for alleged infringement thereof, and this appeal is from a decree dismissing its bill for want of equity. The patent was granted to King (assignor) May 9, 1905, on application filed October 10, 1902, for "improvements in binding-posts," and the specification states, as the object of the invention, "the production of a simple and efficient binding-post which is insulated from its support, and is especially adapted for use in connection with electric meters." It contains six claims as allowed, and claims 1 and 6 are alleged to be infringed, reading as follows:

"1. In combination, a casing provided with an opening, an insulating-bushing fitted to the opening, the interior of said bushing being threaded, a metal binding-post in the interior of said casing threaded into said bushing, a washer of insulating material surrounding the inner end of said bushing, and a nut threaded on said binding-post for securing said washer and said bushing to said casing."

"6. In combination, a meter-casing having an aperture formed in it, an insulating-bushing passing through said opening and provided with a flange

engaging the outer surface of the casing at the edge of said aperture, a binding-post inside the meter-casing, means located within the casing for securing the binding-post and bushing to each other and to the casing, a conductor passing through the bushing, and means located within the casing for securing the conductor to the binding-post."

On May 9, 1905, the appellant (as assignee) filed in the Patent Office its disclaimer as follows:

"To that part of the claim in said specification which is in the following words, to wit:

"5. The combination, of a casing, a binding-post having a longitudinal bore, a bushing mounted in an opening in said casing and receiving said binding-post, and a clamping device located within the casing for securing to the binding-post a conductor passing into the bore of said post from without the casing."

The drawing of the patent and descriptive matter contained in the specification are as follows:

Fig.1.

Fig 2    Fig.3   Fig.4.      Fig.5.

"Each binding-post consists of a substantially cylindrical body, having one end, 4, reduced in diameter and threaded. An axial opening or recess, 5, is formed in this end of the binding-post. Threaded transverse openings, 6, are formed in the body portion of the binding-post leading into the recess, 5, into which set screws may be inserted in order to secure an external conductor in the binding-post. A transverse opening, 7, is formed in the unthreaded end of the binding-post, 2, which receives the conductor leading to the cur-

rent coils of the meter mechanism. At right angles to this opening, 7, a threaded opening, 8, is formed, into which a set screw holding the meter terminal in position is threaded. * * *

"The major portions of the binding-post are located on the interior of the meter-casing. The threaded end may, however, project through the tapered opening, 9, in the wall of the casing. A tapered tubular insulating-plug, 10, into which the binding-post is secured, is fitted into this opening, 9, and insulates the binding-post proper from the casing. The insulating-bushing, 10, may be circular in cross section, or may be given any other desired configuration, and is interiorly threaded to receive the threaded end of the binding-post. The taper of the opening and the bushing is such as to prevent more than a partial entrance of the bushing. A washer, 11, also made out of insulating material, surrounds the inner end of the insulating-bushing, 10. A nut, 12, which may be made of metal, is threaded on the binding-post and abuts against the end of the washer, 11, which extends into the casing farther than does the bushing, 10. * * *

"By the construction shown the binding-post is secured in a position in which there is almost no opportunity for dust to pass from the outside of the casing into the interior, and in which the connections between the meter mechanism and the circuit cannot be readily altered."

Other facts deemed material are stated in the opinion.

P. C. Dyrenforth, Richard N. Dyer, and John Robert Taylor, for appellant.

Robert H. Parkinson, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The patent in suit, No. 789,433, is for an improvement in so-called "binding-posts" or circuit terminals, particularly adapted for use in electric meters. The post consists of several parts which are assembled for use in the meter, fitted into an opening in the meter-casing, and screwed together for receiving and connecting wires in an electric circuit, and novelty is neither disclosed nor claimed in means or function, unless a new and patentable combination appears of the several elements, each well known in the art, constituting the binding-post. Its function as described, for a circuit terminal, was fundamental in the structure of electric meters and analogous provisions for electrical connection, and exemplifications in the art are needless. In the light of the prior art, supplemented by the appellant's disclaimer (filed October 20, 1906), we believe both claims in suit to be without patentable novelty in the combination set forth.

The history of the application for this patent—shown by the "File Wrapper and Contents" in evidence—is instructive. It was filed October 10, 1902, with three original claims, which were rejected December 9, 1902, on reference to prior patents, Nos. 498,407, 371,161 and 668,300. Amendments were made and two more claims inserted December 8, 1903, and all claims rejected February 9, 1904, on reference to prior patents, Nos. 498,407 and 503,427. Claim 6 was then added, and on reconsideration all claims were allowed and patent issued. Neither of the patents hereinafter mentioned is included in these references, and counsel for the applicant contended for this distinction in means and purpose over the prior art as cited:

"The construction shown by applicant is intended for use in electric meters, the object of the invention being to provide a suitable binding-post arranged

so that a conductor passing through an aperture formed in the meter-casing may be secured to the binding-post by means accessible only from the interior of the casing, the object being, of course, to prevent tampering with the meter connections by unauthorized persons. In order to obtain the results desired the applicant designed the construction shown in the drawings. This construction is simple and reliable, and has been used on many thousand meters."

It may justly be inferred, therefore, that the ultimate allowance was predicated on the view thus stated and the further contention, that "clear and distinct patentable differences over the prior art" arise in the patentee's device.

Whether means and function so referred to are included in the above-mentioned disclaimer, as appellee contends, needs no determination in our view of the effect of other prior devices of the art, in evidence, namely, Scheeffer's patent, No. 622,639, for "electric meter," April 4, 1899, and Badeau's patent, No. 651,063, for "insulated contact or terminal for electric circuits," June 5, 1900. The Scheeffer patent (owned by the appellee) shows an "insulated leading-in plug" (so-called) "situated in the meter-casing to receive the line conductors," which is substantially identical with the King binding-post, in structure, location and functions, differing only in the means of attachment for (a) the bushing to the casing aperture and (b) the hollow post to the bushing —each by "a tight fit," instead of the nut and screw attachment of the King patent—while screws are alike inserted within the casing to hold bushing and post together. This device, as described in the patent, makes "a closure for the meter that is practically hermetic," and all means for securing the conductor to the post are located within the casing—alike with the King device inaccessible from without. In the Badeau patent a binding-post is exhibited, "particularly designed for service in connection with switchboards—an analogous use—with its post in the combination, not only substantially identical with King's post, but having like screw attachments for insulating bushing, nut, insulating-washer, and hollow post. Thus the combination of King is plainly anticipated by Badeau for like purpose, and we believe no invention was involved in the King adaptation, even if it be assumed that his combination were otherwise patentable in the light of Scheeffer's disclosure.

We are of opinion, therefore, that the appellant's bill was rightly dismissed for want of equity, and the decree appealed from is affirmed.